## AUGUSTA BASEBALL ASSOCIATION *v.* THOMASVILLE BASEBALL CLUB.

The release by a baseball club to another club of the services of a ball player under contract with it, in consideration of a certain sum of money, is not illegal as being opposed to public policy, nor as amounting to a contract for involuntary servitude of the player.

No. 289. AUGUST 16, 1917.

Complaint. Before Judge Hammond. Richmond superior court. March 10, 1917.

The Thomasville Baseball Club, a corporation, brought an action against the Augusta Baseball Association, a corporation, on a promissory note, a copy of which was attached to the petition. The defendant filed a plea which was stricken on demurrer, and judgment was rendered by the court for the plaintiff for the amount sued for. The defendant excepted. The plea stricken by the court averred that the consideration of the note was the purchase of one Davenport, a baseball player, as appears from the following contract:

"The National Association of Professional Baseball Leagues. Official Sales Agreement. For Purchase or Sale of Players by National Association Clubs. This agreement, made and entered into this eighteenth day of February, 1915, by and between the Thomasville Baseball Club, party of the first part, and the Augusta Baseball Club, party of the second part, witnesseth, that the said Thomasville Baseball Club, party of the first part, does hereby sell and release the services of Player P. M. Davenport of the aforesaid party of the second part, under the following conditions: (All conditions and every detail of the transaction must be here set forth.) That the purchase-price of said player shall be the sum of two hundred dollars ($200.00), payable on the 15th

day of July, 1915, the said sum being represented by a certain promissory note made by the party of the second part, payable to the order of party of the first part on said July 15, 1915. Both parties to this agreement further agree to abide by all the rules of the National Board of the National Association, governing the purchase and sale of players by and between National Association Clubs. It is further agreed that a copy of this agreement be filed in the office of the secretary of the National Association within ten days of date hereof. In testimony whereof, we have hereunto set our hands the day and year first above written.

"R. G. Mays, President, party of the first part.

"E. G. Kalfleisch, President, party of the second part."

It was averred that the contract for the sale of the services of Davenport was illegal and violative of the 13th amendment of the constitution of the United States, and paragraph 17 of the bill of rights of the constitution of Georgia, prohibiting involuntary servitude.

*J. S. Bussey, Jr.,* and *A. R. Williamson,* for plaintiff in error. *Paul T. Chance,* contra.

Evans, P. J. (After stating the foregoing facts.) It was perfectly legal for the Thomasville club to contract with Davenport to play baseball as a member of its team. Such a contract is one to perform service as a ball player. The right of the Thomasville club to assign its contract without the consent of Davenport is not a question in this case. So far as the record discloses, Davenport, upon being released from the Thomasville club, rendered acceptable service to the Augusta club. Although the language of the contract of release, which is the consideration of the note, may be a little confusing and contradictory, enough appears from the instrument to establish its true character. The manifest purpose and intent of the two baseball clubs was that one should release to the other its right of contract to the services of one of its players. If the ball player consented to this arrangement and contracted with the Augusta ball club to perform services for it, we do not think the contract of release violative of the mandate against involuntary servitude in the Federal and State constitutions.

This case is unlike that of *Pitts* v. *Allen,* 72 *Ga.* 69, where it appeared that one of the parties paid the fine of a negro man con-

victed of a misdemeanor, and hired him to the other party to the contract in consideration of the note sued on. The court held that this transaction was violative of constitutional prohibitions against imprisonment for debt and against involuntary servitude. The contract between the parties contemplated the sale of the services of the negro man for the purpose of collecting a debt which the negro owed the payee of the promissory note. In the present case the consideration of the contract is not to reimburse the releasing club for any indebtedness due to it by the ball player. The releasing club relinquishes to the other club its contractual right to the services of a player in its employment, in consideration of a certain sum. We do not think such a transaction illegal as being against public policy or as being a contract for involuntary servitude.            *Judgment affirmed. All the Justices concur.*