SPENGLER v. PITLUK et al.

No. 12602.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 16, 1953.

Rehearing Denied Oct. 21, 1953.

Michael J. Kaine, San Antonio, for appellant.

Lang, Byrd, Cross & Ladon, San Antonio, for appellees.

NORVELL, Justice.

L. Jerry Spengler has appealed from a temporary injunction restraining him as a former employee from competing with the Pitluk Advertising Company, a partnership composed of Jack N. Pitluk, Sr., Jack N. Pitluk, Jr., and Louis H. Pitluk. The question presented is whether or not the trial judge abused the discretion vested in him by law in granting the temporary injunction. While appellant has elected to file points and some of them raise questions of pleading and variance between the pleadings and proof, it seems that the case was rather fully developed upon facts, and that none of these points relating to procedure is controlling as to the disposition of this appeal. A factual review is called for to determine the issue of abuse of discretion.

The evidence discloses that Pitluk Advertising Company has been engaged in the general advertising business in San Antonio, Texas, for more than thirty years. On February 24, 1950, Jack N. Pitluk, Sr., act-

ing for the Company, entered into an employment contract with L. Jerry Spengler, containing the restrictive covenant which is the basis of this litigation. At that time the advertising company was a partnership owned by Jack N. Pitluk, Sr., and Jack N. Pitluk, Jr., the latter owning a twenty-four per cent interest in the Company. In November of 1952 Jack N. Pitluk, Sr., in accordance with a prior agreement which he had with his son Louis H. Pitluk, transferred to him a twenty-four per cent interest in the advertising company, and the latter thereupon became a member of the partnership firm. On April 15, 1953, Spengler left the employment of the Pitluk Company and shortly thereafter opened up an advertising business of his own, under the name and style of "Spengler Advertising Agency."

The restrictive covenant relied upon by plaintiffs below was contained in a letter dated February 24, 1950, written by Jack N. Pitluk, Sr., and addressed to Spengler who endorsed his acceptance of the same upon the letter. The clause reads as follows:

"Because we want you to be a part of us, we hope a permanent part of us, from the very outset we want to take you into all of our confidences and all of our conferences, especially where radio is affected and for that reason, we must have your signed agreement that you will not associate yourself with any other advertising agency or with any firm competitive to us, for Bexar County, for a period of one year after you leave our organization, for any reason, in exchange for our taking you into our organization, your knowing all of our methods, and your close contact with all of our accounts. This is being agreed upon by us and to be initialed below by you."

It appears that the word "for" was substituted for the word "in" by a pen and ink alteration of the phrase which was originally typed as follows, "with any other advertising agency or with any firm competitive to us, in Bexar County." We do not

regard the alteration as material. The meaning of the phrase is essentially the same regardless of which preposition is used, and appears that the Spengler Agency was competitive with the Pitluk Company both "in" and "for" Bexar County. We are further unable to agree with appellant's contention that Spengler did not violate the covenant by organizing and operating the Spengler Agency. Although such agency was solely owned by Spengler and had no employees, it was nevertheless another advertising agency competitive with the Pitluk Company.

Appellant's primary attack upon the injunction is based upon the change in membership of the Pitluk partnership. There is no contention that the restriction was unreasonable as to time or place, other than that predicated upon the substitution of the word "for" for the word "in" in the clause, which contention has been disposed of heretofore. It is well settled that "every one has a right to select and determine with whom he will contract," Arkansas Valley Smelting Co. v. Belden Mining Co., 127 U.S. 379, 8 S.Ct. 1308, 1309, 32 L.Ed. 246, and consequently an executory contract for personal services cannot be assigned by the employer *without the consent* of the employee. Texas Shop Towel v. Haire, Tex.Civ.App., 246 S.W.2d 482. However, an assignment of a personal service contract is not invalid in the sense that it is opposed to public policy, Augusta Baseball Association v. Thomasville Baseball Club, 147 Ga. 201, 93 S.E. 208, L.R.A. 1917F, 841; 4 Am.Jur. 236, Assignments, § 8, but if acquiesced in and consented to by the employee may, and absent some equitable consideration should, be given effect. While contradicted by Spengler, there is testimony that he knew Louis H. Pitluk was coming into the firm after he graduated from college. Jack N. Pitluk, Sr., testified categorically that he informed Spengler of this fact. It appears that after Louis H. Pitluk entered the firm, the letterheads were changed so as to carry his name and that he was authorized to draw checks upon the firm's bank accounts, although the control of the firm remained in Jack N. Pit-

luk, Sr., as the holder of the majority interest therein. There was also testimony that all contracts and agreements with both clients and employees were carried out in the same manner after the admission of the third partner to the firm. The evidence is sufficient to support the finding presumedly made by the trial judge that Spengler acquiesced in and agreed to the arrangement by continuing in the employment of the Pitluk Company and accepting salary payments with knowledge that Louis H. Pitluk had become a member of the firm.

We hold that the trial judge did not abuse his discretion in granting the interlocutory order and the judgment appealed from is accordingly affirmed.